J-S90023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM DOUGHLAS | |
| Appellant | No. 697 EDA 2016 |

Appeal from the Judgment of Sentence Dated February 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003070-2015

BEFORE:  OTT, J., SOLANO, J., and JENKINS, J.

MEMORANDUM BY SOLANO, J.:                **FILED DECEMBER 05, 2016**

Appellant, William Doughlas, appeals from the judgment of sentence imposed by the trial court after it convicted Appellant of violating three sections of the Uniform Firearms Act — 18 Pa.C.S. §§ 6105 (persons not to possess firearms), 6106 (firearms not to be carried without a license), and 6108 (carrying firearms on the public streets of Philadelphia) — for possessing a firearm under the seat of a vehicle in which he was riding as a passenger.  We affirm.

The trial court summarized the procedural and factual history of this case as follows:

> On October 14, 2015, Appellant unsuccessfully litigated a Motion to Suppress Physical Evidence.  On the same date, following a bench trial before this Court, Appellant was convicted of Persons Not to Possess Firearms, Firearms Not to Be Carried without a License, and Carrying Firearms on Public Streets in

- 1 -

Philadelphia. On February 22, 2016, upon review of the pre-sentence investigation report and consideration of all relevant facts and circumstances of this case, this Court sentenced Appellant to three (3) to seven (7) years' incarceration for Persons Not to Possess Firearms, and imposed no further penalty on his remaining convictions. Appellant filed a timely Motion for Arrest of Judgment and/or New Trial, which this Court denied on February 29, 2016.

*    *    *

At the suppression hearing, Appellant contended that the police lacked probable cause to search the vehicle in which he was a passenger. The Commonwealth presented the testimony of Philadelphia Police Officer Vincent Visco. Officer Visco testified that on March 7, 2015, at approximately 10:00 p.m., he was on patrol with his partner, Officer Martin, in the vicinity of 2100 North Marsden Street, a high crime area in Philadelphia. At said time and location, Officer Visco observed a red Ford Expedition driving eastbound on Diamond Street without any rear lights illuminated. Given that it was nighttime, the officers activated their lights and sirens to stop the vehicle, which came to a stop after traveling four (4) car lengths. As Officer Visco approached the passenger side of the vehicle with his flash light illuminated, Appellant quickly leaned toward the floor and then immediately sat back upward with nothing in his hands. Officer Visco testified that he had encountered that precise type of furtive movement dozens of times before, and it often yielded a firearm on the floor or under the seat. Additionally, he observed Appellant breathing heavily and shaking uncontrollably; when he asked him for identification, Appellant began stuttering and was unable to produce same. At that time, fearing for his and his partner's safety, Officer Visco asked Appellant to step outside the vehicle, and placed him in the back of his squad car without handcuffs. He returned to the vehicle, shone his flashlight under the passenger seat, and observed a black semiautomatic handgun.

Officer Visco testified that the driver of the vehicle was asked for his license, registration and insurance paperwork; in return, he produced a non-driver's license ID card and a vehicle rental agreement. Officer Visco ran the ID through his computer (MDT), which revealed that the male was, in fact, an unlicensed driver. Accordingly, he radioed for a "Live Stop" of the vehicle.

- 2 -

Significantly, neither the driver nor Appellant was listed in the rental agreement as an authorized user.

Appellant did not testify at the suppression hearing; nor did he proffer any information establishing his connection to, let alone authorization to use, the vehicle at issue. Based on the foregoing evidence, this Court denied Appellant's motion to suppress, principally on the basis that he had no reasonable expectation of privacy in the area searched.

At the ensuing bench trial, after moving for incorporation of the above into evidence, the Commonwealth briefly re-called Officer Visco to the stand. He testified that when he and his partner activated their emergency lights, they used their spotlight to illuminate the stopped vehicle. Officer Visco additionally testified that the driver of the vehicle remained seated and did not move at any point; further, the vehicle's front seats were "captain's seats" separated by a large center console.

The Commonwealth thereafter introduced a certificate of non-licensure establishing that Appellant did not have a license to possess a firearm. Finally, by way of stipulation, the Commonwealth established that Appellant was ineligible to possess a firearm, having previously been convicted of a felony.

Trial Ct. Op., 7/5/16, at 1-4 (footnotes and citations omitted). The trial court concluded that "the evidence plainly was sufficient to sustain [Appellant's] convictions," and expressly found "the testimony of Officer Visco entirely credible." *Id.* at 10-11.

The trial court rendered its guilty verdicts based on the foregoing facts of record, and sentenced Appellant to an aggregate three to seven years' incarceration. Appellant filed a timely post-sentence motion challenging, among other issues, the weight of the evidence, which the trial court denied. This timely appeal followed.

Appellant presents two issues for appellate review, stated as follows:

1. [The e]vidence presented at trial was insufficient as a matter of law to find [Appellant] guilty beyond a reasonable doubt.

2. The verdict rendered was against the weight of the evidence presented at trial.

Appellant's Brief at 7.

The basis for both of Appellant's evidentiary claims is that the trial court "had to speculate whether Appellant constructively possessed the firearm and could not have been convinced of guilt beyond a reasonable doubt based on the trial record." *Id.* at 11.

Appellant was convicted of violating the following three provisions of Pennsylvania's Uniform Firearms Act:

**§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**

**(a) Offense defined.—**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).[1]

**§ 6106. Firearms not to be carried without a license**

**(a) Offense defined.—**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm

---

[1] The parties stipulated that Appellant was previously convicted of a felony listed in Section 6105(b), which made him ineligible to possess a firearm under Section 6105(a)(1). N.T., 10/14/15, at 78-79.

- 4 -

concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1).

### § 6108. Carrying firearms on public streets or public property in Philadelphia

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S. § 6108.

Possession of a firearm is an essential element of Sections 6105, 6106 and 6108. *See, e.g., Commonwealth v. Antidormi*, 84 A.3d 736, 757 (Pa. Super. 2014); *Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013). "Possession can be found by proving actual possession, constructive possession or joint constructive possession." *Commonwealth v. Heidler*, 741 A.2d 213, 215 (Pa. Super. 1999). Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. *Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004). In order to prove that a defendant had constructive possession, "the Commonwealth must establish that the defendant had both the ability to consciously exercise control over it as well as the intent to exercise such control." *Commonwealth v. Harvard*, 64 A.3d 690, 699 (Pa. Super. 2013). "An intent to maintain a conscious dominion may be inferred

from the totality of the circumstances, and circumstantial evidence may be used to establish a defendant's possession." ***Id.*** In the absence of direct evidence in this case, the Commonwealth was required to establish that Appellant had constructive possession of the firearm found underneath his seat in the vehicle. ***See Commonwealth v. Kirkland***, 831 A.2d 607, 610 (Pa. Super. 2003) (holding where contraband a person is charged with possessing is not found on the person, the Commonwealth is required to prove constructive possession).

Regarding our standard of review as it pertains to Appellant's sufficiency argument, this Court recently explained:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Roberts***, 133 A.3d 759, 767 (Pa. Super.) (citation omitted), *appeal denied*, 145 A.3d 725 (Pa., Sep. 6, 2016). We review a

- 6 -

conviction based on circumstantial evidence under the same standard as one based on direct evidence, that is, a decision by the trial court will be affirmed "so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." ***Commonwealth v. Johnson***, 818 A.2d 514, 516 (Pa. Super. 2003).

Instantly, Officer Visco testified to initiating a traffic stop and encountering Appellant in the City of Philadelphia. N.T., 10/14/15, at 18. Appellant was seated in the right front passenger seat. *Id.* at 20. The officer "saw the front passenger, [Appellant], lean forward toward the floor and sit back upward . . . in a hurried motion." *Id.* at 22. He described Appellant as "nervous [and] breathing heavily. His hands were shaking. . . . He was stuttering." *Id.* at 23. Officer Visco explained:

> When [Appellant] bent forward and sat back up in a hurried motion, and then when I approached the passenger's side and observed there was nothing in his hands, I didn't feel comfortable due to the high crime area we were in and also due to him sitting – while [I was] walking up, [Appellant was] reaching forward, being out of sight and sitting back upward, I didn't feel safe for me or my partner.

*Id.* at 24. Officer Visco continued:

> I had him step out of the vehicle. I did a pat down for weapons. Then I placed him back in my vehicle. Then I walked back up to the car. I used my flashlight to shine it underneath the seat, at which time I observed – looking at my notes, Your Honor – it was a High-Point black semiautomatic handgun, a []9 millimeter with a serial number of 026313.
>
> It was loaded with six live rounds in the magazine and one additional chamber round, which I later placed on property receipt no. 3169685. The male did not have a permit to carry.

- 7 -

*Id.*

Despite Officer Visco's testimony, Appellant maintains that the evidence was insufficient to support his convictions because "there was a lack of evidence concerning the possession of the firearm." Appellant's Brief at 16. Citing **Commonwealth v. Boatwright**, 453 A.2d 1058 (Pa. Super. 1982) (*per curiam*), Appellant asserts that his case also warrants reversal because there was no evidence presented about Appellant's breathing and stuttering, "exactly where the gun was actually found," and "whether the weapon was registered to an owner," as well as "no investigation done to see who the individual was that actually rented the vehicle," and "no testimony of an investigation of the driver of the vehicle." *Id.* at 16-17.

In **Boatwright**, the defendant was seated in the front passenger seat of a vehicle in which two other people were riding. **Boatwright**, 453 A.2d at 1058-59. When the vehicle was stopped, police officers observed the defendant move toward the left rear seat of the vehicle. *Id.* After the occupants exited the vehicle, police officers found a gun on the left rear floor of the vehicle. *Id.* The defendant was found guilty of possession, but on appeal, this Court reversed, finding that the defendant's mere presence in the car with two other individuals, one of whom was sitting in the rear passenger seat, was not enough to prove possession. *Id.*

**Boatwright** is distinguishable because Appellant was sitting in the passenger seat directly above where Officer Visco found the gun, was

separated from the driver by the vehicle's large center console, and was hunched over the passenger seat while Officer Visco approached the vehicle. Accordingly, viewing the record in a light most favorable to the Commonwealth, we conclude there was sufficient evidence for the trial court, as the finder of fact, to determine that Appellant had the intent and ability to control the firearm that was found under the passenger seat, and thus to establish that Appellant was in constructive possession of that firearm. That is all that was necessary to prove the element of possession relative to Appellant's firearms convictions. *See Harvard*, 64 A.3d at 699; *Johnson*, 818 A.2d at 516. Appellant's first claim that the Commonwealth failed to present sufficient evidence to prove his constructive possession of the firearm therefore is without merit.

Appellant's second claim is that he is entitled to a new trial because the verdict was against the weight of the evidence. We review such a claim to determine whether the trial court abused its discretion when it determined that the weight of the evidence was sufficient to support the conviction. *Commonwealth v. Clay*, 64 A.3d 1049, 1054–55 (Pa. 2013). In order for an appellant to prevail on a challenge to the weight of the evidence, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Sullivan*, 820 A.2d 795, 806 (Pa. Super. 2003).

Appellant does not present a separate argument on this issue in his brief. Instead, he states that his weight of the evidence "argument is very similar to the above section on sufficiency, therefore it is not necessary to repeat, and [Appellant] ask[s] that it be incorporated into this section's argument by reference." Appellant's Brief at 18. However, as the Commonwealth notes, "when an appellant fails to distinguish between a sufficiency and weight of the evidence claim, the weight claim is waived." Commonwealth Brief at 17-18 (citing *Commonwealth v. Birdseye*, 637 A.2d 1036, 1039-1040 (Pa. Super. 1994)).

Even had Appellant not waived his weight claim, we would find no support for Appellant's contention that the Commonwealth failed to present sufficient evidence of his constructive possession of the firearm. The evidence recounted in the preceding section of this brief provides a strong nexus between Appellant and the firearm Officer Visco discovered under the passenger seat of the vehicle where Appellant was seated. Nothing about the evidence is "so tenuous and vague" as to "shock the conscience." *Sullivan*, 820 A.2d at 806.

We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/5/2016