Commonwealth *v.* Duffy, Appellant, et al.

Argued April 14, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*M. Richard Mellon,* with him *Samuel J. Reich, Mark L. Glosser,* and *Cooper, Schwartz, Diamond & Reich,* and *Mellon-Stitt Associates,* for appellant.

*Robert L. Campbell,* Assistant District Attorney, with him *Robert L. Eberhardt,* Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 24, 1975:

Appellant contends that the trial court erred in failing to grant appellant's demurrer following the close of the Commonwealth's case.

On October 19, 1972, appellant was a passenger in an automobile which was stopped by a police officer for having inoperative tail lights. The driver of the car was not the registered owner, and upon his failure to produce proper identification he was requested to drive to the police station. Appellant accompanied the driver. At the station, the driver gave permission for the police to search the vehicle. The search revealed a pistol far underneath the passenger's side of the front seat, a mask and gloves in the glove compartment, and burglary tools in the rear seat. Both appellant and the driver were found guilty of possession of burglary tools and violation of the Uniform Firearms Act. Post-trial motions were filed and denied.

Because the contraband was not found on appellant's person, he was properly convicted only if the Commonwealth proved joint constructive possession. Two elements are essential to such a finding: the power of control and the intent to exercise that control. *Commonwealth v. Townsend*, 428 Pa. 281, 237 A.2d 192 (1968). Appellant's convictions must be reversed because the Commonwealth failed to prove that appellant knew of the presence of the contraband, *Commonwealth v. Armstead*, 452 Pa. 49, 305 A.2d 1 (1973), and thus failed to prove that appellant had the requisite intent to exercise control.[*]

Judgment of sentence reversed.

---

[*] The Commonwealth did not file a brief in the instant case. By letter dated April 11, 1975, the Commonwealth explained its decision: "Following a thorough examination of the record and given the issue raised on appeal . . . the Commonwealth believes that it does not have an adequate arguable position to set forth in opposition to appellant's argument concerning the failure to grant appellant's demurrer to the Commonwealth's evidence on the indictment charges."