453 A.2d 1058

COMMONWEALTH of Pennsylvania

v.

Albert BOATWRIGHT, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 13, 1982.

Filed Dec. 23, 1982.

Dennis J. Clark, Pittsburgh, for appellant.

Dara A. DeCourcy, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WIEAND, BECK and MONTGOMERY, JJ.

PER CURIAM:

Appellant Albert Boatwright was convicted of a violation of the Uniform Firearms Act, 18 Pa.C.S.A. § 6106 (carrying a firearm without a license) by the Honorable Loran Lewis sitting without a jury. Following the denial of post-verdict motions and sentencing, this direct appeal was filed. Because we find the evidence insufficient to sustain the conviction,[1] we reverse and discharge appellant.

The Commonwealth's evidence disclosed that, shortly after 10:00 p.m. on April 10, 1979, Officers Charles Roller and Annette Roebuck responded to a radio call concerning three "suspicious" men in an automobile parked in front of a residence in the Hazelwood section of Pittsburgh. Upon arriving at the location, Officer Roller observed appellant, who was seated in the front passenger seat of the vehicle, "moving towards his left rear." (R. 40a). The officer could not see appellant's hand or arm, only a movement of his body. (R. 56a). Officer Roller then opened the door of the automobile and asked appellant to get out. He shined a light onto the left rear floor of the vehicle and saw a gun. In addition to appellant, the car was occupied by the driver

---

[1]. Because of our disposition of this case, we need not deal with the other issues raised by appellant. These are: (1) that he was denied his right of allocution at the time of sentencing and (2) that the lower court erred in refusing to suppress the evidence.

and another passenger who was seated in the left rear seat. The car was registered to the driver's girlfriend and the gun to one Darlene Simpson.

Because the firearm was not found on appellant's person, he could properly be convicted only if the Commonwealth proved joint constructive possession with the other occupants of the vehicle. *Commonwealth v. Duffy*, 235 Pa.Super. 413, 340 A.2d 869 (1975). To do this, the Commonwealth must present evidence to show that appellant had both the power to control the firearm and the intent to exercise that control. *Commonwealth v. Luddy*, 281 Pa. Super. 541, 422 A.2d 601 (1980). Mere presence at the scene where the gun was found is not sufficient. *Commonwealth v. Townsend*, 428 Pa. 281, 237 A.2d 192 (1968). The only evidence other than mere presence was Officer Roller's testimony that appellant made a movement toward the left rear of the vehicle. This evidence cannot provide proof beyond a reasonable doubt that appellant possessed the firearm in question. Therefore, the conviction cannot be sustained. *Commonwealth v. Keller*, 249 Pa.Super. 384, 378 A.2d 347 (1977).

Judgment of sentence reversed and appellant discharged.