J. S59031/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
   :        PENNSYLVANIA
          Appellee    :
   :
        v.    :
   :
ROLAND FRANCIS,    :
   :
          Appellant    :    No. 364 WDA 2015

Appeal from the Judgment of Sentence January 28, 2015
In the Court of Common Pleas of Erie County
Criminal Division No(s).: CP-25-CR-0000777-2014

BEFORE: BOWES, DONOHUE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED OCTOBER 15, 2015**

Appellant, Roland Francis, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas upon his conviction for possessing a firearm without a license.[1] Appellant claims the Commonwealth failed to establish his constructive possession of the subject firearm. We affirm.

The evidence from Appellant's nonjury trial reveals the following. On February 16, 2014, at 4:30 a.m., Erie Police Sergeant Edward A. Noble responded to a report of "a man with a gun." N.T., 12/3/14, at 4-5. The officer arrived at the 1800 block of Buffalo Road, where "there was a female

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6106(a)(1).

yelling . . . 'He has a gun' in a very excited manner." *Id.* at 14. The female was pointing at a vehicle.[2] *Id.*

Officer Noble immediately approached the passenger side of the vehicle and ordered the three occupants to raise their hands. *Id.* at 5, 14. The two individuals in the front seats—a male in the driver's seat, Justin Johnson, and a female in the passenger seat, Appellant's sister, Mary Elizabeth Powell—complied with the officer's order. *Id.* at 6, 21. Appellant, who was in the backseat behind the driver, "looked down and started fumbling with something on his lap." *Id.* at 6. The officer repeatedly ordered Appellant to raise his hands. *Id.* Appellant complied five to ten seconds after the officer's first order. *Id.* at 15.

Officer Noble then "went around to [Appellant's] side of the vehicle[,] opened the door[, and] ordered him out of the vehicle." *Id.* at 6. As Appellant was exiting the car, the officer saw "a handgun right where [Appellant's] feet [were inside the vehicle.]" *Id.* at 6-7. According to the officer, the handgun "would have been under his feet, or in between his feet." *Id.* at 16. Johnson and Powell remained seated in the vehicle with their hands raised. *Id.* at 7.

Officer Noble retrieved the firearm from the vehicle. The weapon was functional and loaded with one round in the chamber and one round in the

---

[2] We note Officer Noble testified at trial that the female at the scene pointed "to the gun." N.T. at 14. However, there was no evidence the officer saw a weapon before he removed Appellant from the vehicle. *Id.* at 16.

magagine. *Id.* at 8, 12. Later, the officer submitted a form to the Pennsylvania State Police to determine Appellant's licensing status. *Id.* at 9-10. The officer misspelled Appellant's first name as "Ronald" instead of "Roland," but included the social security number and date of birth Appellant provided him. *Id.* at 10-11. The State Police returned a report stating, "This subject . . . did not have a license to carry firearms [or] a valid sportsman's firearm permit . . . ."[3] *Id.* at 10. The handgun was tested for fingerprints, but none were found. *Id.* at 12.

Appellant exercised his right not to testify. *Id.* at 18-19. Powell, however, testified for the defense as follows. She and Johnson owned the vehicle. *Id.* at 21, 22-23. She was unaware that a firearm was inside the vehicle that night, and she did not see Appellant or Johnson with the firearm. *Id.* at 22. Neither she nor Johnson owned a firearm. *Id.* at 23-24. Appellant was only inside the vehicle for five to eight minutes before his arrest. *Id.* at 21.

On cross-examination by the Commonwealth, Powell stated she, Johnson, and Appellant went to the 1800 block of Buffalo Road to confront another female, Quaisha Bolden. *Id.* at 25, 27. She "called out" Bolden and argued with Bolden and Bolden's cousins. *Id.* at 26. The dispute between Powell and Bolden was about Johnson. *Id.* at 27.

---

[3] Appellant does not assert he was licensed to carry a firearm or challenge the sufficiency of the Commonwealth's proof that he did not have a license.

The trial court, on December 3, 2014, found Appellant guilty of possessing a firearm without a license.[4] The court, on January 28, 2015, sentenced Appellant to two to four years' imprisonment. Appellant, on February 27, 2015, timely filed a notice of appeal and a Pa.R.A.P. 1925(b) statement.

Appellant presents a single question for review. Appellant's Brief at 3. Relying on **Commonwealth v. Boatwright**, 453 A.2d 1058 (Pa. Super. 1982), he claims the evidence was insufficient to prove he possessed the firearm. Appellant's Brief at 11. He notes the arresting officer "never saw him in physical possession of the firearm" and there was no evidence he possessed a holster or ammunition. **Id.** at 9-10. Appellant emphasizes that "he was not the owner or operator of the motor vehicle in which the gun was found" and there were "two other people" in the vehicle. **Id.** He thus asserts the evidence established only his mere presence in the vehicle. **Id.** at 10. We disagree.

Our standard of review is well settled:

> In evaluating a challenge to the sufficiency of the evidence, we must determine whether viewing the evidence in the light most favorable to the verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable

---

[4] The trial court found Appellant not guilty of possessing an instrument of crime, as well as terroristic threats, recklessly endangering another person, and simple assault regarding another female at the 1800 block of Buffalo Road.

doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. However, any questions or doubts are to be resolved by the factfinder, unless the evidence is so weak and inconclusive that as a matter of law, no probability of fact may be drawn from the circumstances. The trier of fact is free to believe all, part or none of the evidence. "The standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt."

***Commonwealth v. Thompson***, 779 A.2d 1195, 1197 (Pa. Super. 2001)

(citations omitted).

Section 6106 of the Crimes Code states,

[A]ny person who carries a firearm in any vehicle or any person who carries a firearm on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this Chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a).

Because there was no evidence that the firearm was on Appellant's person, the Commonwealth was required to demonstrate constructive possession. ***See Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa. Super.), *appeal denied*, 78 A.3d 1090 (Pa. 2013). As this Court noted:

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive

possession may be established by the totality of the circumstances.

*Id.* (citation omitted).

In *Boatwright*,

[t]he Commonwealth's evidence disclosed that . . . Officers Charles Roller and Annette Roebuck responded to a radio call concerning three "suspicious" men in an automobile parked in front of a residence . . . . Upon arriving at the location, Officer Roller observed [the defendant], who was seated in the front passenger seat of the vehicle, "moving towards his left rear." The officer could not see [the defendant's] hand or arm, only a movement of his body. Officer Roller then opened the door of the automobile and asked [the defendant] to get out. He shined a light onto the left rear floor of the vehicle and saw a gun. In addition to [the defendant], the car was occupied by the driver and another passenger who was seated in the left rear seat. The car was registered to the driver's girlfriend and the gun to one Darlene Simpson.

*Boatwright*, 453 A.2d at 1058-59 (record citations omitted).

On appeal, the *Boatwright* Court reversed the defendant's conviction for possessing the firearm, concluding:

The only evidence other than [the defendant's] mere presence was Officer Roller's testimony that [the defendant] made a movement toward the left rear of the vehicle. This evidence cannot provide proof beyond a reasonable doubt that [he] possessed the firearm in question.

*Id.* at 1059.

Instantly, our review reveals significant differences between the facts discussed in *Boatwright* and the evidence presented at Appellant's trial. Unlike the defendant's body movement in *Boatwright*, Appellant's furtive

movements while failing to comply with the officer's order to raise his hands sustained a reasonable inference that he was attempting to conceal the firearm. *Compare Boatwright*, 453 A.2d at 1058, *with* N.T. at 6, 15. Further, the officer in this case found the firearm in an area within Appellant's exclusive control. *Compare Boatwright*, 453 A.2d at 1059, *with* N.T. at 6-7. Lastly, the defense's evidence negated the possibility that another individual in the vehicle possessed the firearm or placed it in the area by Appellant's feet. *See* N.T. at 21-24.

Consequently, we discern no merit to Appellant's arguments based on *Boatwright*. We further conclude the instant record supported the trial court's finding that Appellant constructively possessed the firearm. *See Hopkins*, 67 A.3d at 820; *Thompson*, 779 A.2d at 1199. Accordingly, we have no basis to disturb Appellant's conviction.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2015