J. S36025/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARKAL TREY MUNFORD | : | |
| | : | |
| Appellant | : | No. 1650 MDA 2015 |

Appeal from the Judgment of Sentence August 26, 2015
In the Court of Common Pleas of York County
Criminal Division No(s): CP-67-CR-0004001-2014

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                                 **FILED JUNE 06, 2016**

Appellant Markal Trey Munford appeals from the Judgment of Sentence entered by the York County Court of Common Pleas after a jury trial. Appellant challenges the sufficiency of the evidence supporting his conviction for firearms possession. We affirm.

On February 21, 2014, at approximately 1:45 a.m., Appellant was a passenger in a Ford Ranger pick-up truck driven by his father when two York City police officers stopped the vehicle for having a suspended registration. As police officers pulled up behind the pick-up truck, the driver got out and walked away from the vehicle toward the officers, saying he lived right across the street. The officers told him several times to get back in the

---

[*] Former Justice specially assigned to the Superior Court.

vehicle. As they escorted the driver back to his vehicle, the officers saw Appellant's head slightly pop up in the passenger seat. They were unable to see his hands until they got around to the front of the vehicle, at which point they saw Appellant hunched over the front seat with his hands in his lap.

After Appellant and his father provided the police officers with identification, the officers discovered that the probation and parole department had issued a warrant for Appellant's detention. The officers arrested and searched Appellant. In his pockets, Appellant had $1,000 in cash and two small baggies containing blue pills, later determined to be Methylone (known as "bath salts"), a Schedule I controlled substance. Because the car was unregistered and uninsured, the officers impounded the vehicle and searched it. They discovered a stolen, loaded .357 Magnum revolver underneath the passenger seat where Appellant had been sitting. A background check revealed Appellant was a person not permitted to possess firearms.

The Commonwealth charged Appellant with Person Not to Possess Firearms, Receiving Stolen Property, Firearms Not to be Carried Without a License, and Possession of Controlled Substance by Person Not Registered.[1] Appellant filed a Motion to Suppress, which the trial court denied.

---

[1] 18 Pa.C.S. § 6105(a)(1), 18 C.S. § 3925(a), 18 Pa.C.S. § 6101(a)(1), and 35 Pa.C.S. § 780-113(a)(16), respectively.

A jury trial proceeded, at which the arresting officers testified regarding the events leading up to and including Appellant's arrest. They testified that Appellant was hunched over in the front seat so that they did not even know he was there until they neared the vehicle while returning Appellant's father to the car. *See* Notes of Testimony ("N.T."), 7/7/15, at 110-112, 123-125. The officer who found the gun testified that it had been pushed "pretty far back" under the passenger seat, and because it was "so shoved back," the gun would have been accessible to the driver only if he were to get out of the car, walk around to the passenger side, and reach under the seat. *Id*. at 126-128.

Appellant testified that the truck belonged to his father who used it in his construction business, but that Appellant registered it in his (Appellant's) name because his father had "had problems with his license." N.T. at 141-42. Appellant further testified that he had been drinking at a bar the night of the incident and had called his father for a ride home. He testified that when police officers stopped the vehicle, he was hunched over the front seat because he "was basically in a relaxed position." *Id.* at 142. Appellant denied ever seeing the gun, and denied knowing how the gun ended up underneath the passenger seat of the truck. Trial Court Opinion at 9.

The jury found Appellant found guilty of all charges. The court subsequently sentenced Appellant to an aggregate term of incarceration of 6 years, 3 months to 12 years, 6 months.

Appellant timely appealed. Appellant has briefed the following issue for our review:

> Whether the Commonwealth failed to prove beyond a reasonable doubt that the Appellant constructively possessed the firearm found under his seat, because there was no evidence presented of his knowledge of, power to control, or intent to exercise control of the firearm?

Appellant's Brief at 3.

Our review of a challenge to the sufficiency of the evidence is well-settled. Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Murray*, 83 A.3d 137, 151 (Pa. 2013).

> Our standard of review in a sufficiency of the evidence challenge is to determine if the Commonwealth established beyond a reasonable doubt each of the elements of the offense, considering all the evidence admitted at trial, and drawing all reasonable inferences therefrom in favor of the Commonwealth as the verdict-winner. The trier of fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented. In doing so, the trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Pruitt*, 951 A.2d 307, 313 (Pa. 2008) (citations omitted). The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant. *Commonwealth v. Markman*, 916 A.2d 586, 598 (Pa. 2007).

Possession can be found by proving actual possession, constructive possession, or joint constructive possession. *Commonwealth v. Heidler*,

741 A.2d 213, 215 (Pa. Super. 1999). Where, as here, a defendant is not found in actual possession of the firearm, the Commonwealth must establish that the defendant had constructive possession of it to support the conviction. ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa. Super. 2013).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

***Id.*** (citations omitted).

Constructive possession cases are fact-specific. ***See Commonwealth v. Stembridge***, 579 A.2d 901, 904 (Pa. Super. 1990) (noting the "difficulty of drawing bright lines in this area of the law."). As with any other element of a crime, constructive possession may be proven by circumstantial evidence. ***Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa. Super. 1996). When contraband is located in an area usually accessible only to the defendant, an inference may be made that he or she either knew of its presence or placed it there. ***Id***.

Appellant avers that the trial court erred by using the fact that Appellant was the registered owner of the vehicle "as a basis for sustaining [Appellant's] conviction." Appellant's Brief at 9. He notes that there was no

testimony that the police officers "observed [him] reach under the seat at any time during the stop …, nor was there any evidence presented that [Appellant] had knowledge of the weapon's presence in the vehicle." *Id*. at 10-11. Appellant concludes that like the Court in *Commonwealth v. Boatwright*, 453 A.2d 1058 (Pa. Super. 1982), this Court should conclude that "simply being present in the vehicle … does not constitute [Appellant] having possession of a firearm." Appellant's Brief at 11.

In *Boatwright*, the defendant was seated in the front passenger seat of a vehicle in which two other people were riding. When the vehicle was stopped, police officers observed him move toward the left rear seat of the vehicle. After the occupants exited the vehicle, police officers found a gun on the left rear floor of the vehicle. The defendant was found guilty of possession, but on appeal, this Court reversed, finding that the defendant's mere presence in the car with two other individuals, one of whom was sitting in the rear passenger seat, was not enough to sustain a possession conviction.

The Commonwealth distinguishes this case from *Boatwright* by noting that here, Appellant was sitting in the seat directly above where the officer found the gun, and had been hunched over the seat while his father interacted with the police officers away from the vehicle.

The Hon. Richard K. Renn of the York County Court of Common Pleas addressed the sufficiency challenge as follows:

Based on the testimony at trial, we think a reasonable jury could have easily concluded that the Appellant possessed the firearm. The gun was found in a vehicle registered to the Appellant. Furthermore, it was found underneath the area where the Appellant was seated. It is also a reasonable inference that the Appellant was hunched over because he was either placing the gun underneath the seat or because he was pushing it further back underneath the seat. Thus, we think the Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that the Appellant possessed the firearm.

Trial Court Op., dated 12/8/15, at 10.

Considering the totality of the circumstances, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the Commonwealth proffered sufficient evidence from which the jury could draw a reasonable inference that Appellant constructively possessed the firearm. Accordingly, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2016