J-S11011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KARL NASH, JR. | : | |
| | : | |
| Appellant | : | No. 539 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 15, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0014128-2018

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 11, 2020**

Appellant Karl Nash appeals from the judgment of sentence imposed following his non-jury trial and conviction for possession of a firearm by a prohibited person.[1]  Appellant challenges the sufficiency of the evidence that he possessed a firearm.  We affirm.

The trial court aptly summarized the trial testimony as follows:

On September 1, 2018, Officer Matthew McDanel[, a 24-year police veteran,] was on patrol in the borough of Glassport, Pennsylvania.  At approximately 12:35 a.m., he received a dispatch call about an armed male at [a local bar].  [Appellant] was identified by name in the dispatch as being in the parking lot and threatening other people with a firearm.  As Officer McDanel arrived on the scene, he observed [Appellant] walk toward him. Officer McDanel exited his vehicle, drew his firearm and ordered [Appellant] to place his hands in the air.  [Appellant] partially complied by holding his hands at waist level.  Officer McDanel ordered [Appellant] to move toward the right front area of his police vehicle.  [Appellant] then slightly faced away from Officer

_____

[1] 18 Pa.C.S. § 6105 (a)(1).

McDanel and threw what Officer McDanel believed to [be] a firearm. [Appellant] then turned away from Officer McDanel and ran away from him. Officer McDanel gave chase for about [twenty] feet but abandoned the chase so he could attempt to recover and secure the firearm. Officer McDanel did, in fact, recover a firearm from the area where [Appellant] discarded it. The firearm, a Smith & Wesson SC .40, was loaded. [Appellant] was later arrested.

Trial Ct. Op., 6/25/19, 1-2.

The Commonwealth charged Appellant with one count of possession of a firearm by a person prohibited (count 1) and one count of carrying a firearm without a license (count 2). [2] The trial court heard the case in a non-jury trial on March 13, 2019. At trial, Officer McDanel was the only witness to testify. The parties stipulated that Appellant is a person not to possess a firearm and that the firearm Officer McDanel recovered was operable.[3] N.T. Trial, 3/13/19, at 23. The trial court found Appellant guilty of count 1 and not guilty of count 2. *Id.* at 41. That same day, the trial court sentenced Appellant to a term of seven to sixteen years' imprisonment. *Id.* at 51.

Appellant filed a timely post-sentence motion on March 14, 2019, which the trial court denied the following day. Appellant timely filed a notice of appeal and filed a court-ordered Pa.R.A.P. 1925(b) statement challenging the sufficiency of the evidence that he possessed the firearm. The trial court issued a responsive Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises the following issue for our review:

_____

[2] 18 Pa.C.S. § 6106.

- 2 -

Was the evidence insufficient to sustain the conviction at count 1 because the Commonwealth did not prove, beyond a reasonable doubt, that [Appellant] had actual or constructive possession of the gun?

Appellant's Brief at 4.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). Therefore, our standard of review is *de novo*, and the scope of our review is plenary. *Commonwealth v. Brooker*, 103 A.3d 325, 330 (Pa. Super. 2014).

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Roberts*, 133 A.3d 759, 767 (Pa. Super. 2016) (citation omitted). This Court has stated that "[e]vidence is weak and inconclusive '[w]hen two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances . . . .'" *Commonwealth v. Akhmedov*, 216 A.3d 307, 322 (Pa. Super. 2019) (*en banc*) (quoting

*Commonwealth v. Woong Knee New*, 47 A.2d 450, 468 (Pa. 1946)),
*appeal denied*, 224 A.3d 364 (Pa. 2020).

Appellant challenges the lack of evidence supporting the possession
element of count 1. Appellant argues that the evidence presented at trial
"only established that [he] threw an unknown object into a yard near where
a group . . . was congregating, and that [Officer McDanel], after searching in
the dark with a flashlight for a few minutes, found a gun in that yard."
Appellant's Brief at 11. Appellant points out that Officer McDanel testified that
he did not know what object Appellant had thrown until the officer recovered
a gun from the yard. *Id.* at 11-12. Appellant asserts that the Commonwealth
only established his mere presence near the area where Officer McDanel
recovered the gun. *Id.* at 14-15 (citing *Commonwealth v. Boatwright*, 453
A.2d 1058 (Pa. Super. 1982) (*per curiam*)).

Appellant further contends that the evidence was too weak and
inconclusive to support his conviction. In support, Appellant argues that it is
equally reasonable to infer that the gun may have been abandoned in the yard
or discarded by one of the other people in the parking lot. *Id.* at 12. Similarly,
Appellant suggests that his flight from the scene was not indicative of guilt,
but the result of prior negative interactions with Officer McDanel. *Id.* at 14.
Additionally, Appellant argues that the Commonwealth failed to prove that the
item Appellant threw was a gun, nor did the Commonwealth establish that
Appellant had the power to control the contraband, or the intent to control it.
*Id.* at 8. Therefore, Appellant argues that the Commonwealth failed to set

forth sufficient circumstantial evidence to prove constructive possession of the gun and requests that his conviction be reversed. *Id.* at 15.

In response, the Commonwealth states that it was required to prove constructive possession because the gun was not found on Appellant's person. Commonwealth's Brief at 9. The Commonwealth argues that "[w]hile it is true [that] there was no direct evidence of his possession, compelling circumstantial evidence, viewed in the light most favorable to the Commonwealth with its concomitant inferences, allowed for the finding that [Appellant] had discarded the recovered weapon." *Id.* at 10. Although Officer McDanel could not definitively identify the object Appellant pulled from his waistband, the Commonwealth "submits that a reasonable inference could have been drawn that a veteran officer would be aware that the waistband is an area in which a gun is usually carried." *Id.* at 11, n.7. Additionally, the Commonwealth asserts that "evidence of [A]ppellant's guilt can also be inferred from the fact that he fled the scene. . . ." *Id.* at 12.

The Commonwealth asserts that although mere presence at a place with contraband is insufficient to prove dominion and control over those items, such possession may be proven by circumstantial evidence, and the intent and power to control can be inferred from reviewing the totality of the circumstances. *Id.* at 9.

As to Appellant's arguments that the evidence was too inconclusive to sustain the conviction because one of the people in the parking lot could have abandoned the gun, the Commonwealth notes that Officer McDanel testified

that the other people in the parking lot were thirty feet or more away from where the officer encountered Appellant and observed Appellant throw the object into the yard. *Id.* at 11-12. Therefore, the Commonwealth requests that Appellant's conviction be upheld. *Id.* at 13.

In its Rule 1925(a) opinion, the trial court concluded that there was sufficient evidence that Appellant possessed the gun. The trial court explained:

> The most compelling evidence that [Appellant] possessed the firearm is Officer McDanel's personal observation that he saw [Appellant] reach into his waistband and throw what appeared to be a firearm and then Officer McDanel found a firearm in the precise area where [Appellant] had discarded it. Moreover, [Appellant] fled the scene after making the throwing motion. [The trial court] believes that [Appellant's] flight was evidence that [Appellant] knew he had committed a crime and he did not want to be arrested. The firearm was also loaded. In [the trial court's] view, a loaded firearm is not something that is commonly abandoned by people, such as a soda can or a cigarette butt.

Trial Ct. Op. at 5.

The Uniform Firearms Act defines the crime of possession of a firearm by a person prohibited as follows:

> **§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**
>
> **(a) Offense defined.--**
>
> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

Here, there is no dispute that Appellant was previously convicted of an offense listed in Section 6105(b) and that the gun recovered by Officer McDanel was a firearm within the meaning of the statute. The central dispute in this appeal is whether Appellant possessed the firearm that Officer McDanel recovered from the yard.

It is well settled that the element of "[p]ossession can be found by proving actual possession, constructive possession, or joint constructive possession. Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction." *Commonwealth v. Parrish*, 191 A.3d 31, 36 (Pa. Super. 2018) (citations omitted), *appeal denied*, 202 A.3d 42 (Pa. 2019). This Court has "defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control." *Id.* (citation and quotation omitted). We have held that "knowledge of the existence and location" of contraband is a "necessary prerequisite of intent to control." *Commonwealth v. Juliano*, 490 A.2d 891, 893 (Pa. Super. 1985) (citation omitted).

"To aid application, we have held that constructive possession may be established by a totality of the circumstances." *Parrish*, 191 A.3d at 36. (citation and quotation omitted). Evidence showing constructive possession may be entirely circumstantial meaning "the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant

exercised dominion and control over the contraband at issue." ***Id.*** at 37 (citations omitted).

Instantly, we conclude that based on a review of the totality of the circumstances, there was sufficient circumstantial evidence to prove that Appellant constructively possessed the gun and had the power to control the firearm, and the intent to exercise that control. ***See Commonwealth v. Cruz***, 21 A.3d 1247, 1253 (Pa. Super. 2011). Officer McDanel testified that in his twenty-four years as a police officer he has responded to a "few hundred or more" calls involving individuals with firearms. ***See*** N.T. Trial at 10. Officer McDanel testified that he observed Appellant reach into his waistband, throw an object that the officer believed to be a weapon, and then flee the scene. ***See id.*** at 14. The officer started to pursue Appellant but stopped to recover the object. ***See id.*** at 15. A few minutes later, Officer McDanel recovered the gun in the same area where he saw Appellant throw the object.

The facts presented at trial, when read in a light most favorable to the Commonwealth as verdict winner, established that Appellant had conscious dominion over the firearm and had the requisite knowledge of its existence and location. ***See Parrish***, 191 A.3d at 36; ***Juliano***, 490 A.2d at 893. Moreover, the trial court was entitled to weigh Appellant's flight after discarding the gun as consciousness of guilt. ***See Commonwealth v. Hudson***, 955 A.2d 1031, 1036-37 (Pa. Super. 2008) (finding that flight or concealment is admissible to show consciousness of guilt).

Appellant's assertions that someone other than Appellant could have discarded or abandoned the gun in the yard is not an inference supported by the record. Significantly, as the trial court noted, a loaded weapon is not an item likely to be discarded. Trial Ct. Op. at 5. Moreover, the other people in the parking lot were more than thirty feet from the area where Appellant was seen throwing the object.

For the reasons herein, we conclude that the Commonwealth presented legally sufficient circumstantial evidence inferred from the totality of the circumstances that established Appellant's constructive possession of the recovered firearm which amply supported the trial court's finding of guilt. ***See Roberts***, 133 A.3d at 767.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2020

- 9 -