J-A19040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS SMITH | : | |
| | : | |
| Appellant | : | No. 2383 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 31, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003617-2021

BEFORE: BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED SEPTEMBER 25, 2023**

Marcus Smith (Smith) appeals from the judgment of sentence imposed

by the Court of Common Pleas of Delaware County (trial court) after he was

found guilty at a bench trial of possession with intent to deliver (PWID), simple

possession and possession of drug paraphernalia.[1]  On appeal, he challenges

the sufficiency of the evidence for his convictions.  After review, we affirm the

convictions but vacate his judgment of sentence limited to simple possession.

The trial court summarized the evidence at trial as follows:

> At trial, the Commonwealth presented the testimony of Officer
> David Cuddhy of the Darby Borough Police Department.  Officer
> Cuddhy testified that on February 22, 2021, he executed a search
> warrant at 1016 Tyler Avenue in Darby Township in connection

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), (16) and (32).

with a shooting. (N.T., 6/3/22, p. 8) The search warrant was for Kareem and Eileen Smith. (N.T., 6/3/22, p. 17) During the execution of the search warrant, Officer Cuddhy found twenty-eight individually packaged sandwich bags with what was confirmed to be marijuana, underneath a trash bag in a trashcan in the basement of the residence. (N.T., 6/3/22, p. 8) Eleven more individually packaged sandwich bags were found inside a clear sandwich bag in the basement along with a piece of mail addressed to [Smith] at that address. (N.T., 6/3/22, p. 8) In an upstairs bedroom, the officer recovered a wallet which contained [Smith's] Pennsylvania driver's license and other cards with his name on them. (N.T., 6/3/22, p. 9) In that room, Officer Cuddhy also recovered a digital scale; a large "Postmates" bag which contained narcotics packaging; and another piece of mail addressed to Appellant at that address. (N.T., 6/3/22, p. 9-14) Additionally, law enforcement ultimately recovered four digital scales and four cell phones from the home. (N.T., 6/3/22, p. 44-45).

On June 7, 2022, the Commonwealth presented the testimony of Officer Sean Gallagher of the Darby Township Police Department, who was qualified as an expert in illegal drugs, drug identification, and drug trafficking. (N.T., 6/3/22, p. 8) He testified that factors which support the conclusion that drugs are possessed with intent to deliver include, having large quantities of drugs; having them packaged individually; no presence of paraphernalia for personal use; having U.S. currency, digital scales, and unused packaging. (N.T., 6/3/22, p. 8) Officer Gallagher explained that the items retrieved from the residence in this case were, in his professional opinion, possessed with the intent to deliver. He said this conclusion was supported by the fact that there were multiple ounces; they were packaged in an assortment of weights; there were scales; and there was unused packaging. (N.T., 6/3/22, p. 13-14).

Trial Court Opinion (TCO), 12/7/22, at 1-2.

The trial court found Smith guilty of all the above offenses and deferred sentencing for the completion of a presentence investigation report. On August 31, 2022, the trial court imposed concurrent sentences of time served (16 days) to one year imprisonment on the PWID and paraphernalia charges

and merged simple possession with PWID. Unfortunately, because of a clerical error, the trial court's sentence for paraphernalia was entered on the simple possession count. Smith filed a post-sentence motion challenging the sufficiency of the evidence for his convictions, arguing that the Commonwealth failed to prove that he constructively possessed the marijuana found in the basement. After his motion was denied, Smith timely appealed to reassert his sufficiency challenge.[2]

_____

[2] Our standard of review for sufficiency challenges is well-established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for a fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence received must be considered. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Williams*, 255 A.3d 565, 578-79 (Pa. Super. 2021) (citation omitted).

First, possession is a common element in each of the offenses for which Smith was convicted. Under § 780-113 of the Controlled Substance, Drug, Device and Cosmetic Act, the following are prohibited.

Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 P.S. § 780-113 (a)(16).

Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113 (a)(30).

The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. § 780-113 (a)(32).

Possession can be established "by proving actual possession, constructive possession, or joint constructive possession." **Commonwealth v. Parrish**, 191 A.3d 31, 36 (Pa. Super. 2018) (citation omitted). "Constructive possession is an inference arising from a set of facts that

possession of the contraband was more likely than not." ***Commonwealth v. McClellan***, 178 A.3d 874, 878 (Pa. Super. 2018) (citation omitted).

As this Court has explained:

Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

***Parrish***, 191 A.3d at 36-37 (citations omitted and formatting altered).

Constructive possession may also be found in one or more actors when the item in issue is in an area of joint control and equal access. ***See Commonwealth v. Macolino***, 469 A.2d 132, 136 (Pa. 1983) (finding sufficient evidence that husband constructively possessed cocaine found in bedroom closet to which both he and his wife had equal access); ***Commonwealth v. Walker***, 874 A.2d 667, 678 (Pa. Super. 2005) (finding sufficient evidence defendant constructively possessed drugs and guns found in basement of home in which he was living even though two other people lived in the home and would have had equal access).

Based on these criteria, our Courts have consistently found sufficient evidence to convict where the defendant lives in a dwelling where the drugs are found and the defendant has access to the place where the contraband was located, even if other people also had equal access to the drugs. ***See*, *e.g.*, *Walker*, *supra*** (defendant lived in basement of home; he constructively possessed drugs found in basement even though two other people shared the home with him); ***Macolino***, ***supra*** (both husband and wife had equal access to bedroom where drugs and paraphernalia were found and so both constructively possessed them); ***Commonwealth v. Murdick***, 507 A.2d 1212, 1213 (Pa. 1983) (drugs found in living room and bedroom; defendant had constructive possession because he and his girlfriend both lived in the house and had equal access to all of it).

In finding that the Commonwealth presented sufficient evidence to conclude that Smith constructively possessed the marijuana and paraphernalia found in the house, the trial court explained:

> Officer Cuddhy testified that he found the thirty-nine baggies of marijuana in the basement, under the trash bag with a piece of mail addressed to [Smith]. Additionally, in a bedroom upstairs, Officer Cuddhy recovered narcotics packaging, a digital scale, [Smith's] wallet with his identification and credit cards inside, as well as another piece of mail addressed to [Smith] at that addressed. … It is reasonable to infer that [Smith] exercised dominion and control over the marijuana and the paraphernalia. … [T]his is true even though the other residents of the house, may have had some, or even primary, access to or use of the marijuana and the paraphernalia. More than one person can constructively possess the same item. The nature and quantity of the items found, the various places within the home from which the evidence was recovered, the proximity of [Smith's] personal

property to said evidence, and the overall condition of the home, all of which were amply evidenced by the photographs, provided sufficient evidence to support the charges.

TCO at 5-6.

We agree with the trial court's analysis that there was more than enough circumstantial evidence presented that Smith constructively possessed the marijuana found in the basement of a house that he shared with others. As the above discussion explains, Smith lived in the house and had access to the basement because his mail was found inside the basement as well. The Commonwealth also proved a connection between Smith and the individually-packaged marijuana found in the basement based on the drug paraphernalia found in an upstairs bedroom. In this regard, the trial court could infer that the third-floor bedroom with the drug paraphernalia belonged to Smith because his wallet and mail were also found in the same bedroom. This paraphernalia, in turn, established another connection between Smith and the marijuana found in the basement, as the trial court could infer that the paraphernalia was used in weighing and packaging the marijuana found in the basement. Viewing this evidence in the light most favorable to the Commonwealth as the verdict winner, we find there was sufficient evidence for all three of Smith's convictions. *See **Walker**, **supra***; ***Macolino**, **supra***.

Smith nevertheless advances several arguments for why his convictions should be reversed, none of which we find availing. First, he argues that the Commonwealth failed to establish that the mail found in the basement that

was addressed to "Marcus Smith" actually belonged to him, as the Commonwealth never produced evidence as to whether there was anyone else by that name living at that address. This argument, however, is better suited to the weight of the evidence rather than sufficiency, as the trial court was free to infer that the mail found not only in the basement but also in the upstairs bedroom belonged to Smith because he was living in the house.

He next faults the Commonwealth for not presenting any fingerprint or DNA evidence tying him to any of the items found inside the house. We are unaware of case law standing for the proposition that such evidence is required for the Commonwealth to prove possession of a controlled substance, nor does Smith cite any. To that end, he also emphasizes that he never made any incriminating statements or failed to cooperate with the police or appeared nervous during the execution of the search. Again, these arguments are better suited to a challenge to the weight of the evidence but not relevant to our inquiry into the sufficiency of the evidence.

He also contends that this case is analogous to **Commonwealth v. Boatwright**, 453 A.2d 1058 (Pa. Super. 1982). In **Boatwright**, the police responded to a radio call concerning three suspicious men in a parked car. Upon approaching the car, the police officer saw the defendant, who was seated in the front passenger seat, move toward his left rear. After removing the defendant, the officer found a gun on the left rear floor next to a rear passenger. On appeal, we found there was insufficient evidence to convict for

firearm possession because the only evidence other than the defendant's mere presence was that he made a movement toward the left rear of the vehicle. *Id*. at 1059. In contrast, rather than just his mere presence in the home, there was evidence connecting the contraband to Smith, namely, the police finding a digital scale and packaging materials in his bedroom, leading to the inference that he constructively possessed the individually-packaged bags containing marijuana found in the basement over which he had equal access. Thus, we find Smith's attempt to analogize his case to **Boatwright** inapt and, as a result, his sufficiency challenge meritless.

Finally, we must address whether Smith's sentences for PWID and simple possession should have merged for sentencing purposes. While Smith does not raise this issue, we may address it *sua sponte*. **See Commonwealth v. Watson**, 228 A.3d 928, 941 (Pa. Super. 2020) (holding that questions concerning merger implicate the legality of a sentence and this Court may address such issues *sua sponte*).[3] As we have explained, a conviction for simple possession should merge with a conviction for PWID for sentencing purposes when "both charges stemmed from the same act of possession." **Commonwealth v. Knupp**, 290 A.3d 759, 777 (Pa. Super. 2023) (citation omitted). Here, even though the sentencing transcript shows that the trial

---

[3] When reviewing the legality of a sentence, "our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Tighe**, 184 A.3d 560, 584 (Pa. Super. 2018) (citations omitted).

court intended to merge simple possession with PWID, the judgment of sentence shows that Smith was sentenced to a concurrent sentence for simple possession (count three). Because both charges stemmed from the same act, Smith's conviction for simple possession should have merged with his PWID conviction for sentencing purposes. As a result, we vacate the sentence imposed for simple possession. ***See***, ***e.g.***, ***Commonwealth v. Tucker***, 143 A.3d 955 967-68 (Pa. Super. 216) (affirming the defendant's convictions but vacating an illegal sentence). Further, because the trial court imposed a concurrent sentence for the simple possession conviction, our disposition does not upset the trial court's overall sentencing scheme. It is, therefore, not necessary to remand this matter for resentencing. ***See Commonwealth v. Thur***, 906 A.2d 552, 569-70 (Pa. Super. 2006).

For these reasons, we affirm Smith's convictions, vacate the sentence imposed for simple possession, and affirm the judgment of sentence in all other respects.

Judgment of sentence affirmed in part and vacated in part as to the sentence imposed for simple possession. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2023