J-A01041-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: A.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.C., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2338 EDA 2025 |

Appeal from the Dispositional Order Entered August 14, 2025
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-JV-1000224-2025

BEFORE:  DUBOW, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED MARCH 12, 2026**

A.C. appeals from the dispositional order entered after a court adjudicated him delinquent for firearms not to be carried without a license and possession of a firearm by a minor.[1]  Because his challenge to the sufficiency of the evidence proving his constructive possession of a firearm is without merit, we affirm.

The facts and procedural history are as follows.  A.C. was in the passenger seat in a vehicle driven by another juvenile, I.G.  **See** N.T., 7/17/25, at 12-13.  Officer Kevin McGuigan ("Officer McGuigan") initiated a traffic stop near the intersection of North Lewis Road and Church Street in Limerick Township, Montgomery County because the car's window tint violated the Motor Vehicle Code.  **See id**. at 11-12.  Officer McGuigan testified that, upon approaching the vehicle, he smelled marijuana.  **See id**. at 12.

_____

[1] **See** 18 Pa.C.S.A. §§ 6101(a)(1), 6110.1(a).

I.G. refused to allow Officer McGuigan to search the vehicle. *See id*. at 15. The vehicle was then impounded and towed to the police station to permit police to get a search warrant. *See id*.

During the search, the police found a handgun under the front passenger seat, towards the front of the seat, where A.C. had been sitting. *See id*. at 20, 23. While the front passenger area was clear, and there was nothing occluding access to the area under the seat, the rear of the vehicle was full of trash and other items that filled the floor and bench seat. *See id*. at 34-36; Trial Court Opinion, 10/6/25, at 2-3 (referencing Commonwealth exhibits). Officer McGuigan acquired a second warrant, because the initial search warrant was intended to search for controlled substances. *See* N.T., 7/17/25, at 26.

At the adjudicatory hearing, Officer Steven Winneberger ("Officer Winneberger"), Officer McGuigan's cover officer, testified A.C. was in the front passenger seat, with the seat pushed back. *See id*. at 34. Body camera footage supported his testimony. *See id*. He further testified that a third minor, J.A., was seated behind A.C. in the rear passenger seat, and the floor of the front passenger seat appeared clean. *See id*. at 34-36. I.G. and his step-father, the vehicle's owner, both testified they did not own the handgun and did not regularly allow handguns in the vehicle. *See id*. at 47-48, 53.

The Honorable Todd D. Eisenberg of the Montgomery County Court of Common Pleas determined that the Commonwealth made out the charges alleged in the delinquency petition and adjudicated A.C. delinquent. Upon the

request of A.C.'s counsel, based on A.C.'s residency, the disposition was transferred to Philadelphia. A.C. appeared before the Honorable Richard Gordon of the Philadelphia County Court of Common Pleas for disposition. This appeal timely followed.[2]

A.C. raises the following issue for our review:

1. Was the evidence insufficient to establish A.C. committed two firearms offenses . . . where the Commonwealth failed to prove that A.C. possessed a firearm?

A.C.'s Brief at 2.

We review sufficiency of the evidence claims under the following standard:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the

_____

[2] A.C. contemporaneously filed a Pa.R.A.P. 1925(b) statement with his notice of appeal from Judge Gordon's dispositional order, but requested that Judge Eisenberg author the 1925(a) opinion because the issue involved the adjudication of delinquency more than the disposition.

presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa. Super. 2019) (internal citation and indentation omitted).

A.C. asserts there was insufficient evidence to establish he had constructive possession of the gun. A.C.'s argument relates to his adjudications for both offenses.

A person is guilty of carrying a firearm without a license if he "carries a firearm in any vehicle or . . . carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license[.]" 18 Pa.C.S.A. § 6106(a)(1). "In order to convict a defendant for carrying a firearm without a license, the Commonwealth must prove: that the weapon was a firearm; that the firearm was unlicensed; and that where the firearm was concealed on or about the person, it was outside his home or place of business." *Commonwealth v. Hewlett*, 189 A.3d 1004, 1009 (Pa. Super. 2018) (citation omitted). The Commonwealth must also establish possession of the firearm. *See Commonwealth v. Boatwright*, 453 A.2d 1058, 1059 (Pa. Super. 1982).

A person is guilty of possession of a firearm by a minor if, being under eighteen years of age, they possess or transport a firearm anywhere in this Commonwealth. *See* Pa.C.S.A. § 6110.1(a).

- 4 -

Because the gun was found under the passenger seat of the vehicle, and not on A.C.'s person, the concept of constructive possession applies vis-à-vis both offenses. *See Commonwealth v. Muhammad*, 289 A.3d 1078, 1091 (Pa. Super. 2023), *aff'd*, 335 A.3d 1047 (Pa. 2025). Regarding constructive possession, this Court has explained:

> Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.
>
> It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.
>
> *To find constructive possession, the power and intent to control the contraband does not need to be exclusive to the appellant . . . and may be found in one or more actors where the item in issue is in an area of joint control and equal access.*

*Commonwealth v. Rojas-Rolon*, 256 A.3d 432, 437–38 (Pa. Super. 2021) (citations omitted) (emphasis added). "Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not[ ] and may be established by the totality of the circumstances." *Commonwealth v. McIntyre*, 333 A.3d 417, 432 (Pa.

Super. 2025) (citations and quotation marks omitted). The Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue. *See Int. of Y.J.*, No. 832 MDA 2025, 2025 WL 3229365 (non-precedential memorandum at *3) (Pa. Super. Nov. 19, 2025).[3]

The trial court considered A.C.'s sufficiency challenge to his carrying a firearm without a license conviction and deemed it meritless:

> [T]his court determined there to be constructive possession by [A.C.] of the handgun.
>
> * * * *
>
> [A.C.] was the passenger in the vehicle where the handgun was recovered by the Limerick Township Police Department. The handgun was located under the front passenger seat where [A.C.] was seated in the vehicle. Additionally, the front passenger seat was in a pushed back setting, and the passenger side front floor was unobstructed. Access to the underside of the front passenger seat from the rear of the vehicle was likely hindered by trash and debris. Furthermore, both the owner and the driver of the vehicle indicated that the handgun did not belong to them.
>
> * * * *
>
> [A.C.] had direct and easy access to the weapon based upon his location in the front passenger seat, directly above where the handgun was located. As aforementioned, [A.C.] had easy access to the handgun, as the seat occupied by [A.C.] was pushed back with the handgun towards the front, and the front passenger floor was clear of other objects, as opposed to the rear of the car which was cluttered with trash and other belongings.

Trial Court Opinion, 10/6/25, at 6-7.

_____

[3] *See* Pa.R.A.P. 126(b) (non-precedential memoranda filed by this Court after May 1, 2019, are citable for persuasive value).

Viewing the evidence presented at trial in the light most favorable to the Commonwealth—as our standard of review requires—we agree with the trial court that the Commonwealth presented sufficient evidence to conclude that A.C. constructively possessed the firearm. The firearm was found at the front of the passenger seat in which A.C. sat. Additionally, the far-back position of that seat and the absence of debris in the front—in stark contrast with the cluttered trash and debris behind the seat—indicated A.C. had access to the firearm and knew of its presence. *See Commonwealth v. Salter*, No. 1428 WDA 2024, 2025 WL 3158995 (non-precedential memorandum at *6) (Pa. Super. Nov. 12, 2025) (holding the appellant, who was in the driver's seat, had constructive possession of the firearm, in part because the firearm was under his seat and therefore in easy reach, and because officer testimony established "the firearm could not slide any further under the seat towards the back"). Notably, both the vehicle's owner and driver testified the handgun was not theirs and that they did not routinely keep a firearm in the vehicle; and although there was one other passenger in the car, he did not have the same access to the handgun as A.C., due to the debris on the floor. *See McIntyre*, 333 A.3d at 433 (quoting trial court in finding that the appellant constructively possessed firearm where "no one other than the accused had equal access to or control of the firearm").[4] Considering the Commonwealth

_____

[4] The third passenger's possible joint constructive possession does not negate A.C.'s constructive possession. *See Commonwealth v. Carter*, 450 A.2d
*(Footnote Continued Next Page)*

may sustain its burden by means of wholly circumstantial evidence, there was sufficient evidence to support the fact finder's determination A.C. violated Section 6106(a)(1).[5]

Moreover, having found that the Commonwealth sufficiently proved "possession" for the purposes of Section 6101, and there is no dispute A.C. was a minor at the time of the offense, we hold the trial court correctly adjudicated A.C. delinquent for possession of a firearm by a minor. ***See*** Pa.C.S.A. § 6110.1(a).

Order affirmed.

_____

142, 147 (Pa. Super. 1982) (finding constructive possession notwithstanding that the gun was in an area accessible to other passengers); ***Commonwealth v. Brocenbrough***, No. 513 EDA 2025, 2025 WL 3267739 (non-precedential memorandum at \*3) (Pa. Super. Nov. 24, 2025) (internal citation omitted) (explaining constructive possession can be found when there is joint control and equal access to the item).

[5] We acknowledge that mere suspicion is insufficient to establish constructive possession. ***See, e.g.***, ***Commonwealth v. Parrish***, 191 A.3d 31, 37 (Pa. Super. 2018) (citation omitted) (explaining "if the only inference that the fact finder can make from the facts is a suspicion of possession, the Commonwealth has failed to prove constructive possession."). However, there are several factors present here that indicate more than mere suspicion, including that the gun was found under A.C.'s seat, A.C. had the easiest access to the gun, and testimony that the driver and owner did not own the gun or know of it.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/12/2026