J-A21024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UTHMAAN J. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1346 EDA 2023 |

Appeal from the Judgment of Sentence Entered May 16, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001479-2020

BEFORE: KUNSELMAN, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.: **FILED DECEMBER 24, 2024**

Appellant Uthmaan J. Williams appeals from the judgment of sentence imposed following his convictions for firearms not to be carried without a license, carrying a firearm in public in Philadelphia, and possession of a controlled substance.[1] Appellant argues that the evidence was insufficient to establish that he constructively possessed the firearm. After review, we affirm on the basis of the trial court's opinion.

The trial court summarized the facts of this case as follows:

On December 28, 2019, at around 1:00 a.m., Officer Brian Devlin and his partner were on patrol in an alleyway of the 6700 block of Gratz Street in Philadelphia. They saw a Kia Sorrento parked in the alleyway that was not running but had its interior map light on. Officer Devlin believed, based on his experience, that there might be someone in the car who had overdosed or passed out.

_____

[1] 18 Pa.C.S. §§ 6106(a)(1), 6108, and 35 P.S. § 780-113(a)(16), respectively.

He and his partner therefore approached the driver's side of the car on foot to do a wellness check.

The car had two occupants, with Appellant in the front passenger seat and another individual, who was not identified at trial, in the driver's seat. Officer Devlin saw that Appellant had a green, leafy substance in his lap and was rolling the . . . substance in a brown tobacco leaf. Officer Devlin walked around the front of the car, to the passenger side window, and saw a large plastic bag containing a green, leafy substance between Appellant's left leg and the center console. Officer Devlin retrieved the bag, which he believed to contain marijuana, and took it to his patrol wagon to weigh it while his partner remained at the car. The substance weighed approximately 71 grams, an amount that, Officer Devlin testified, warranted an arrest rather than a citation. Officer Devlin therefore secured the bag of alleged marijuana in the patrol wagon, returned to the car, signaled to his partner to join him at the passenger door, and asked Appellant to step out of the car, intending to arrest him.[2]

As the door opened, Officer Devlin saw the butt of a Glock handgun in the door cubby pocket on the passenger side of the vehicle. Officer Devlin testified that the cubby was a pocket along the right-hand side along the right leg of [Appellant]. Officer Devlin also testified that the handgun was at a waist high position where [Appellant] could grab it with his right hand readily available. The handgun was placed in the pocket with the grip facing upward, so that somebody could readily grab it, and protruding slightly above the top of the pocket. Officer Devlin took Appellant back to the patrol wagon while his partner secured the gun. Appellant stated that he did not have a valid permit to carry a firearm in Pennsylvania, and Officer Devlin also observed that Appellant was not of an age to legally possess a carry permit.

There was no testimony that anyone saw Appellant physically holding the firearm or that the firearm had DNA evidence or fingerprints linking it to Appellant (or anyone else). The Commonwealth introduced no evidence as to the ownership of the Kia Sorrento or the identity of the person in the driver's seat. Appellant was arrested and charged with firearms offenses and knowing and intentional possession of a controlled substance.

_____

[2] Appellant has not challenged the seizure of the marijuana, the handgun, or his arrest.

[Appellant's] counsel and the Commonwealth stipulated to the property receipts for the firearm, a Glock Model 23 handgun, along with a 15-round magazine that contained six live rounds, and to the firearm's operability. The Commonwealth introduced a certificate of nonlicensure establishing that Appellant did not have a valid license to carry a firearm. [Appellant's] counsel and the Commonwealth also stipulated that three individuals would have testified that they had known the Appellant for a long time as a peaceful, law-abiding citizen.

After the close of evidence, Appellant's counsel argued that the evidence was insufficient to support a conviction because the Commonwealth had not proved beyond a reasonable doubt that Appellant had knowledge of the handgun or practiced dominion and control over the item. . . .

\* \* \*

Here, it cannot be in dispute that Appellant had the power to control the Glock. The weapon was in the pocket next to his seat, inches from his right hand. Appellant's argument must be that the Commonwealth did not prove that he had knowledge of the firearm's presence or intent to control it. Under the circumstances, however, the [c]ourt could infer intent; indeed, no other inference was possible. Appellant was in a parked car late at night, in a secluded alley, handling a large quantity of marijuana. The firearm was in the cubby next to his seat, was positioned so that Appellant could reach it and wield it immediately, and was not within anyone else's reach. It was visible from where Appellant was sitting; given that the interior light of the car was on and that he was looking at his lap, it would have been difficult for him not to see it.

Trial Ct. Op., 8/15/23, at 1-5.

The trial court found Appellant guilty of the aforementioned charges and sentenced Appellant to an aggregate term of thirty months of probation. ***See*** Sentencing Order, 5/16/23. Appellant filed a timely appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises one issue:

Whether the evidence presented at Appellant's trial was sufficient as a matter of law to sustain conviction for possession of a firearm in car the Appellant was a passenger in.

Appellant's Brief at 4.

Following our review of the record, the parties' briefs, and relevant legal authority, we affirm on the basis of the trial court's opinion and agree that the totality of the circumstances concerning Appellant's arrest were legally sufficient to support the inference that Appellant had the intent to exercise power and control over the subject firearm. *See* Trial Ct. Op., at 1-6. The trial court thoroughly addressed Appellant's claim of error and correctly concluded that he was not entitled to relief. *See id.* For these reasons, we affirm on the basis of the trial court's opinion.[3]

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/24/2024

---

[3] The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CRIMINAL**

|                                 |       |                          |
| ------------------------------- | ----- | ------------------------ |
| **COMMONWEALTH**                | :     |                          |
| **OF PENNSYLVANIA**             | :     |                          |
|                                 | :     | **CP-51-CR-0001479-2020** |
| **v.**                          | :     |                          |
|                                 | :     | **1346 EDA 2023**        |
| **UTHMAAN WILLIAMS**            | :     |                          |
|                                 | :     |                          |
|                                 | :     |                          |

**Hangley, J.**

**OPINION**

After a waiver trial held on March 14, 2023, this Court found Uthmaan Williams ("Appellant") guilty of carrying a firearm without a license, 18 Pa. C.S.A. § 6106 §§ A1, carrying a firearm in public in Philadelphia, 18 Pa. C.S.A. § 6108, and knowing and intentional possession, 35 Pa. C.S.A. § 780-113 §§ A16. Appellant appeals from the judgment of sentence entered on May 16, 2023. As this Court explains below, the evidence presented at Appellant's trial was sufficient to sustain his conviction on the firearms charges. Accordingly, the Superior Court should affirm this Court's judgment of sentence.

**I.    FACTUAL AND PROCEDURAL HISTORY**

The following evidence was introduced at the waiver trial: On December 28, 2019, at around 1:00 a.m., Officer Brian Devlin and his partner were on patrol in an alleyway of the 6700 block of Gratz Street in Philadelphia. N.T. 03/14/23 at 9:17-10:17. They saw a Kia Sorrento parked in the alleyway that was not running but had its interior map light on. *Id.* at 10:18-11:12. Officer Devlin believed, based on his experience, that there might be someone in the car who had

1

overdosed or passed out. *Id.* at 11:13-20. He and his partner therefore approached the driver's side of the car on foot to do a wellness check. *Id.* at 12:5-9.

The car had two occupants, with Appellant in the front passenger seat and another individual, who was not identified at trial, in the driver's seat. *Id.* Officer Devlin saw that Appellant had a green, leafy substance in his lap and was rolling the alleged substance in a brown tobacco leaf. *Id.* at 12:14-19. Officer Devlin walked around the front of the car, to the passenger side window, and saw a large plastic bag containing a green, leafy substance between Appellant's left leg and the center console. *Id.* at 12:21-13:5. Officer Devlin retrieved the bag, which he believed to contain marijuana, and took it to his patrol wagon to weigh it while his partner remained at the car. *Id.* at 13:6-13. The substance weighed approximately 71 grams, an amount that, Officer Devlin testified, warranted an arrest rather than a citation. *Id.* at 13:14-16, 15:24-16:2. Officer Devlin therefore secured the bag of alleged marijuana in the patrol wagon, returned to the car, signaled to his partner to join him at the passenger door, and asked Appellant to step out of the car, intending to arrest him. *Id.* at 13:18-14:21, 15:17-18.

As the door opened, Officer Devlin saw the butt of a Glock handgun in the door cubby pocket on the passenger side of the vehicle. *Id.* at 14:2-14:5. Officer Devlin testified that the cubby was a "pocket along the right-hand side along the right leg of the defendant." *Id.* at 14:6-14:12. Officer Devlin also testified that the handgun was at a "waist high position where he [Appellant] could grab it with his right hand readily available." *Id.* at 14:25-15:3. The handgun was placed in the pocket with the grip facing upward, "so that somebody could readily grab it," and protruding slightly above the top of the pocket. *Id.* at 15:1-2. Officer Devlin took Appellant back to the patrol wagon while his partner secured the gun. *Id.* at 16:6-16:8. Appellant stated that

he did not have a valid permit to carry a firearm in Pennsylvania, and Officer Devlin also observed that Appellant was not of an age to legally possess a carry permit. *Id.* at 16:10-16:14.

There was no testimony that anyone saw Appellant physically holding the firearm or that the firearm had DNA evidence or fingerprints linking it to Appellant (or anyone else). *Id.* at 24:9-19, 26:14-25. The Commonwealth introduced no evidence as to the ownership of the Kia Sorrento or the identity of the person in the driver's seat. Appellant was arrested and charged with firearms offenses and knowing and intentional possession of a controlled substance. *Id.* at 38:19-21.

Defense counsel and the Commonwealth stipulated to the property receipts for the firearm, a Glock Model 23 handgun, along with a 15-round magazine that contained six live rounds, and to the firearm's operability. *Id.* at 16:21-17:22. The Commonwealth introduced a certificate of nonlicensure establishing that Appellant did not have a valid license to carry a firearm. *Id.* at 31:4-7. Defense counsel and the Commonwealth also stipulated that three individuals would have testified that they had known the Appellant for a long time as a peaceful, law-abiding citizen. *Id.* at 31:21-32:5.

After the close of evidence, Appellant's counsel argued that the evidence was insufficient to support a conviction because the Commonwealth had not proved beyond a reasonable doubt that Appellant had knowledge of the handgun or practiced dominion and control over the item. *Id.* at 33:1-4. This Court found Appellant guilty on the firearms and knowing and intentional possession counts. *Id.* at 38:19-22. This Court sentenced Appellant on May 16, 2023. Sentencing Order docketed May 16, 2023.

Appellant timely appealed. His Concise Statement of Matters Complained of on Appeal, filed on June 23, 2023, raises a single issue:

3

[1] The Defendant challenges the sufficiency of the evidence for conviction of possession of firearm without a license. Defendant was never seen in possession of the weapon. It was found in [a] car not his. Defendant was a passenger. No DNA or fingerprints were presented to show Defendant ever possessed [a] firearm.

## II. DISCUSSION

### A. Standard of Review

When reviewing a claim of insufficient evidence, the reviewing court must

> [D]etermine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. . . [The reviewing court] may not reweigh the evidence or substitute [its] own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Juray*, 275 A.3d 1037, 1042 (Pa. Super. 2022) (citations omitted). "[T]he trier of fact. . . is free to believe, all, part, or none of the evidence presented when making credibility determinations." *Commonwealth v. McClellan*, 178A.3d 874, 878 (Pa. Super. 2018).

### B. Sufficient Evidence Supported This Court's Verdict

Where, as here, contraband is not found on a defendant's person, the Commonwealth must prove that the defendant constructively possessed the contraband. Constructive possession is defined as "conscious dominion," meaning that the defendant had the power to control the contraband and the intent to exercise that control, with a necessary prerequisite of the defendant's knowledge of the existence and location of the contraband. *Commonwealth v. Parrish*, 191 A.3d 31, 36-37 (Pa. Super. 2018). The Commonwealth may make out its burden of proof using only circumstantial evidence. Its burden of proving guilt beyond a reasonable doubt does not require it to "preclude every possibility of innocence," *Commonwealth v. Bruce*, 916

4

A.2d 657, 661 (Pa. Super. 2007), or "establish guilt to a mathematical certainty," *Commonwealth v. Smith*, 146 A.3d 257, 261 (Pa. Super. 2016).

Here, it cannot be in dispute that Appellant had the power to control the Glock. The weapon was in the pocket next to his seat, inches from his right hand. Appellant's argument must be that the Commonwealth did not prove that he had knowledge of the firearm's presence or intent to control it. Under the circumstances, however, the Court could infer intent; indeed, no other inference was possible. Appellant was in a parked car late at night, in a secluded alley, handling a large quantity of marijuana. The firearm was in the cubby next to his seat, was positioned so that Appellant could reach it and wield it immediately, and was not within anyone else's reach. It was visible from where Appellant was sitting; given that the interior light of the car was on and that he was looking at his lap, it would have been difficult for him not to see it.

A finder of fact determines intent to control by examining the totality of circumstances of the case. *Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2014). In this case, the totality of circumstances compelled the conclusion that Appellant had the requisite intent. The firearm was accessible to him, and only to him. "Location of the contraband in an area usually accessible only to the defendant may lead to the inference that he placed it there or knew of its presence if other did so." *Commonwealth v. Juliano,* 490 A.2d 891, 894 (Pa. Super. 1985) (quoting *Commonwealth v. Thompson,* 428 A.2d 223, 224 (Pa. Super. 1981) (citation omitted)); *see also Commonwealth v. Hopkins*, 67 A.3d 817, 821 (Pa. Super. 2013) (sufficient evidence for constructive possession where "[t]he firearm was found within arms-length of where appellant was seated"). The firearm was visible. *See, e.g., Hopkins, supra; Commonwealth v. Parker,* 847 A.2d at 751 (sufficient evidence of constructive possession where handgun was visible). This is not a situation where Appellant can argue that the contraband was hidden from him, as in

5

*Commonwealth v. Duffy,* 340 A.2d 869 (Pa. Super. 1975) (Commonwealth failed to prove that defendant knew of the presence of a pistol underneath the passenger's side of the seat, a mask and gloves in the glove compartment, and burglary tools in the rear of the car), or *Commonwealth v. Juliano,* 490 A.2d at 894 (contraband hidden in a green satchel located beneath defendant's feet). All the other circumstances surrounding Appellant's arrest support the inference that Appellant intended to exercise control over the Glock. Therefore, the Commonwealth's evidence was sufficient.

## III. CONCLUSION

For the reasons stated above, the Superior Court should affirm this Court's judgment of sentence.

BY THE COURT:

MICHELE D. HANGLEY, J.
**August 15, 2023**

6